UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.  Case No. 8:07-CR-255-T-27TBM

RAFAEL BUENAVENTURA-HURTADO
_____/

ORDER

**BEFORE THE COURT** is Defendant's *pro se* Motion To Dismiss the Indictment (Dkt. 109). Defendant contends that his indictment should be dismissed because the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506 ("MDLEA") was unconstitutionally applied in his case, relying on *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012).

Since Defendant's motion is a collateral attack on his conviction, the proper avenue of relief is under 28 U.S.C. § 2255. Pursuant to *Castro v. United States*, 540 U.S. 375 (2003), Defendant was notified that his motion would be re-characterized as a Section 2255 motion to vacate, and that a second or subsequent Section 2255 motion would be subject to the restrictions on second or successive motions (Dkt. 110). Consistent with *Castro*, Defendant was afforded the opportunity to (1) withdraw his motion, (2) file an amended motion which includes all Section 2255 claims he believes he has, or (3) have the motion construed as a Section 2255 motion as filed. (Dkt. 110).

Defendant was also notified that he should show cause, if he elected to have the motion re-characterized as a § 2255 motion to vacate, why his motion should not be denied as time-barred.

1

Finally, Defendant was instructed that if he failed to respond to the Order, his motion would be considered a Section 2255 motion and taken under advisement (Dkt. 110). Defendant did not respond to the Order.

After conducting the review required by Rule 4(b), Rules Governing Section 2255 Proceedings (2005),[1] it is apparent that the motion is due to be summarily dismissed because it plainly appears from the motion and record of prior proceedings that the motion is time-barred. *Murphy v. United States*, 634 F.3d 1303, 1306 n.8 (11th Cir. 2011).

## Procedural History

Defendant was charged in a two count Indictment with, (1) conspiracy to possess with intent to distribute and to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Count One), and (2) possession with the intent to distribute five (5) kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (Count Two) (Dkt. 1). Pursuant to a Plea Agreement, in exchange for the dismissal of Count Two, he pleaded guilty to Count One and was sentenced to 135 months in prison, followed by 60 months of supervised release. (Dkts. 37, 60). Judgment was entered on November 14, 2007 (Dkt. 60). He did not appeal.

## Timeliness

Defendant's conviction became final 10 business days after entry of his judgment on November 14, 2007, when the time for filing an appeal expired. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999). Generally, a Section 2255 motion must be filed within one year

---

[1] Rule 4(b) provides, in pertinent part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

2

of when a criminal conviction becomes final. 28 U.S.C. § 2255(f). The instant motion was filed more than five years after Defendant's conviction became final. Accordingly, absent an applicable exception to the one year limitation or a showing that the one year limitation period was triggered by a later date as specified in § 2255(f)(2)-(4), Defendant's motion is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "established a mandatory, one-year 'period of limitation' for § 2255 motions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

*Jones v. United States*, 304 F.3d 1035, 1037-38 (11th Cir. 2002) (citing 28 U.S.C. § 2255(f)(1)-(4)).

To avoid the limitations bar, Defendant must show that he was prevented from filing a timely motion because of extraordinary circumstances that were beyond his control and unavoidable even with diligence. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Defendant does not suggest that an impediment created by governmental action prevented him from filing a timely § 2255 motion or that he could not have discovered the facts supporting his claim through the exercise of due diligence. Rather, Defendant's motion relies solely on the recent opinion in *Bellaizac-Hurtado* in support of his claim that application of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70503(a) and 70506 ("MDLEA") in his case was unconstitutional.

Implicit in Defendant's motion is a contention that *Bellaizac-Hurtado* constitutes a new legal right and that the one year limitation period was extended under 28 U.S.C. §2255(f)(3). Such a contention would be misplaced. Section 2255(f)(3) does not delay the start of the one year limitation period because that section requires the recognition of a new right by the U.S. Supreme Court made retroactive to cases on collateral review. *Bellaizac-Hurtado* is a circuit court decision.

Neither does Section 2255(f)(4) extend the limitation period. A judicial decision does not constitute new factual information affecting a defendant's claim. *See Madaio v. United States*, 397 Fed. Appx. 568, 570 (11th Cir. 2010) ("Since Section 2255(f)(4) is predicated on the date that 'facts supporting the claim' could have been discovered, the discovery of a new court legal opinion, as opposed to new factual information affecting the claim, does not trigger the limitations period.").

To the extent Defendant's motion challenges subject matter jurisdiction, the one year limitation period would nonetheless bar his claim. *Williams v. United States*, 383 Fed.Appx. 927, 929 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 846 (2010).[2] Defendant is correct that a guilty plea

---

[2] There is authority that a challenge to the facial constitutionality of the MDLEA constitutes a jurisdictional challenge which is not waived by a guilty plea. *See United States v. Madera-Lopez*, 190 Fed. Appx. 832, 834 (11th Cir. 2006). Notwithstanding, in this Circuit the MDLEA has consistently been upheld against constitutional challenges. *See United States v. Estupinan*, 453 F.3d 1336, 1338-39 (11th Cir. 2006); *United States v. Tinoco*, 304 F.3d 1088 (11th Cir. 2002), *cert. denied*, 538 U.S. 909 (2003); *United States v. Rendon*, 354 F.3d 1320, 1324-25 (11th Cir. 2003), *cert. denied*, 541 U.S. 1035 (2004); *United States v. Estupinan-Estupinan*, 244 Fed.Appx. 308, 309-10 (11th Cir. 2007).

4

does not waive subject matter jurisdiction and that lack of subject matter jurisdiction may be challenged at any time. *United States v. Peter*, 310 F.3d 709, 713 (11th Cir. 2002). However, Defendant does not claim that his Indictment failed to charge an offense under the United States Code or that he was convicted of a "non offense." *See United States v. McIntosh*, 704 F.3d 894, 902 (11th Cir. 2013) (where indictment does not charge an offense under the United States Code, district court is deprived of jurisdiction). Rather, he raises an *as applied* challenge to the MDLEA. By pleading guilty, however, Defendant waived his "as applied" challenge to the constitutionality of the MDLEA, since such a challenge is nonjurisdictional. *United States v. Feaster*, 394 Fed.Appx. 561, 564 (11th Cir. 2010), *cert. denied*, 131 S.Ct. 968 (2011).

Finally, if Defendant's motion could be construed to include a claim of actual innocence, he fares no better. Assuming that a showing of actual innocence constitutes an exception to the AEDPA's one year limitation period, Defendant makes no showing of actual innocence.[3] "Actual innocence," for these purposes, means "factual innocence," as opposed to mere legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012). Defendant's argument would necessarily be that his drug activities did not constitute a crime because Congress did not have the authority to proscribe narcotic trafficking on the high seas. In the context of a limitations discussion, this constitutes a claim of legal innocence as opposed to factual innocence.

---

[3] This Circuit has not definitively found that an actual innocence exception to the one year limitations period exists. *See Rozzelle v. Sec'y, Fla. Dept. of Corr.*, 672 F.3d 1000, 1013 (11th Cir. 2012), *cert. denied*, 133 S.Ct. 351 (2012).

## Conclusion

Defendant's conviction became final more than one year before he filed his § 2255 motion to vacate. None of the statutory exceptions which extend the one year limitation period apply. And Defendant makes no showing of equitable tolling. The motion is therefore time-barred.

## The Merits

Even if Defendant's claim is not time-barred, it is subject to summary dismissal. In *Bellaizac-Hurtado*, the MDLEA was found unconstitutional as applied to drug-trafficking activities "in the territorial waters of Panama." *Id.* at 1258. The Court reasoned: "Because drug trafficking is not a violation of customary international law, . . . Congress exceeded its power, under the Offences Clause [of the U.S. Constitution] when it proscribed the defendants' [drug trafficking] conduct <u>in the territorial waters of Panama</u>." *Id.* (emphasis added). *Bellaizac-Hurtado* is therefore limited to instances where a defendant is prosecuted under the MDLEA for drug activities in a foreign country's territorial waters, as opposed to international waters.

*Bellaizac–Hurtado* is factually distinguishable from Defendant's case. In his Plea Agreement, Defendant admitted that the go-fast vessel he was on was interdicted in <u>international</u> waters in the Eastern Pacific Ocean (Dkt. 34, p. 14). Defendant's reliance on *Bellaizac-Hurtado* is therefore misplaced. Indeed, the Court in *Bellaizac-Hurtado* recognized that Eleventh Circuit precedent has upheld the constitutionality of MDLEA prosecutions involving "conduct on the high seas." *Id.* at 1257; *see United States v. Estupinan*, 453 F.3d at 1338-39 (extraterritorial MDLEA prosecution of drug traffickers interdicted in international waters off Ecuador is constitutional exercise of authority pursuant to Piracies and Felonies Clause, which "empowers Congress '[t]o define and punish Piracies and Felonies on the high Seas, and Offences against the Law of Nations.'

U.S. Const., art. I, § 8, cl. 10."), *cert. denied*, 549 U.S. 1267 (2007)). Accordingly, *Bellaizac-Hurtado* has no application to Defendant's case.

Defendant's Motion to Dismiss (Dkt. 109) is therefore DISMISSED.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability or to proceed *in forma pauperis* on appeal. There is no absolute right to appeal in this instance. A certificate of appealability must first be issued upon a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Defendant has not made the required showing.

**DONE AND ORDERED** this 12th day of April, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant, *pro se*
Counsel of record